## AMASA CARPENTER *vs.* JACOB EDWARDS, JR.

A. and B., by a written agreement, submitted to the determination of an arbitrator an action, pending in the superior court of Connecticut, brought by A. against B. for the conversion of a quantity of flour, with power in the arbitrator to decide said action according to law and evidence, and make an award within a certain time; which award A. and B. stipulated, in said agreement, to abide and perform: The arbitrator, within the prescribed time, made his award, namely, that B. was indebted to A. in the sum of $186, and that A. should recover said sum of B. in said action : A carried the award to said court, and moved for judgment thereon, in said action: B. resisted this motion, and the court overruled it, on the ground that, by the law of Connecticut, a judgment could not be rendered, except by consent of parties, on an award under a submission not made by rule of court: A. thereupon became nonsuit, and brought an action against B., on the award. *Held*, that A. was entitled to recover.

ASSUMPSIT to recover $186·47. Trial in the court of common pleas, before *Merrick*, J. whose report of the case was as follows :

On the 23d of May 1843, the parties to this action executed the following instrument : "Whereas an action on the case, in favor of Amasa Carpenter of Woodstock, (Ct.) against Jacob Edwards, jr. of Southbridge, (Mass.) is now pending before the superior. court for the county of Windham and State of Connecticut, in which action the said Carpenter alleges the

conversion of twenty five barrels of flour by the said Edwards, which twenty five barrels of flour are claimed by said Carpenter to have belonged to him at the time of the alleged conversion : Now, in order to dispose of said action and the subject matter thereof, the said parties hereby agree to submit the same to the determination of Hon. Charles Allen, of Worcester, who shall meet the parties at the house of Harvey King in said Southbridge, on the 23d day of May 1843, and to hear, and determine, and decide said action according to law and evidence, with power to award, to the party prevailing, his costs in said suit, as well as the costs of reference ; also with power to said arbitrator to adjourn from time to time, but not to a period later than the 1st day of June next : And said arbitrator to make and publish his award in said action, in writing, on or before the 1st day of June next. And the parties aforesaid hereby agree in all things to abide and perform the award of said arbitrator. And the parties further agree in no way or manner to revoke or annul this submission ; and in case that either party shall revoke or annul this submission, that the party so revoking shall forfeit to the other, as liquidated damages, the sum of three hundred dollars.

Amasa Carpenter,

May 23d 1843.    Jacob Edwards, jr."

The said arbitrator made the following award : "The undersigned, having met the parties to the foregoing submission, at the house of Harvey King in Southbridge, on the 23d day of May instant, and having fully heard them upon the subject matter therein presented for my decision, does hereby award and determine, that the said Jacob Edwards, jr. is indebted to the said Amasa Carpenter, in the sum of one hundred and eighty six dollars and forty seven cents, and that the said Carpenter recover of the said Edwards, in the aforesaid suit pending in the superior court for the county of Windham, and State of Connecticut, the abovementioned sum. But inasmuch as the controversy between the parties appears to have resulted from mistake arising from the manner in which their business was transacted, and cannot be attributed wholly to

the neglect of either, no costs are awarded to either party. May 27th 1843.                                   Charles Allen."

This award was taken, by the counsel of Carpenter, to the superior court of Connecticut, sitting at Brooklyn in the county of Windham, and was presented to said Edwards's attorney of record, with a request that judgment might be rendered for the plaintiff, in said action, for the amount of the award in his favor.    This the attorney for Edwards would not consent to. The counsel for Carpenter then moved the court for judgment in his favor, in pursuance of the award.    This motion was resisted by the counsel for Edwards, upon the ground that the submission was not by rule of court, agreeably to the provisions of the statute in Connecticut; and the court ruled that such judgment could not be rendered, but by agreement of counsel.    The plaintiff then became nonsuit, and his attorney paid to the attorney of the defendant his costs.    Afterwards, and immediately before the commencement of the present action, a demand was duly made upon the defendant for the payment of the amount of said award, and he refused to pay it.

Upon this evidence, the judge ruled that the plaintiff could not support his action, and directed a verdict for the defendant, which was accordingly returned.    To this ruling the plaintiff alleged exceptions.

*Barton & Bacon*, for the plaintiff.

*Newton & N. Wood*, for the defendant.

HUBBARD, J.    An action was pending between these parties, in the superior court of Connecticut, at the time when the arbitration was agreed to in this Commonwealth; and the suit was for a quantity of flour.    The submission embraced two subjects, viz. the claim for the flour, and the disposition of the suit in Connecticut, with the costs accruing in it.    The award followed the submission.    The arbitrator determined that the defendant was indebted to the plaintiff for the value of the flour, and fixed the value ; and he further directed that the plaintiff should recover that sum in the suit pending in the court in Connecticut, but without costs ; and we are of opinion that the fact of the defendant's being indebted is distinct from

the manner in which the debt shall be recovered. So far as the right of property was concerned, it was a distinct inquiry and wholly independent of the suit. But the suit was also to be disposed of, and the costs growing out of it; and unless there had been an award on that part of the submission, the award would have been imperfect. The court in Connecticut did, indeed, refuse to enter judgment in pursuance of the award, because the submission was not by a rule of that court. But this refusal so to enter the judgment resulted from the act of the defendant by his attorney of record, whose authority in the premises has not been denied. This branch of the award is defeated, but not from a defect in the award itself, which made a disposition of the suit, but from the misconduct of the defendant; and he shall not be permitted to set up his own wrongful conduct to defeat the other branch of the award which is in itself entire. It is not an award good in part and bad in part, but an award containing an adjudication upon all the matters submitted, and a final disposition thereof. *Addison* v. *Gray*, 2 Wils. 293. We are therefore of opinion that the ruling in the court below, that the action could not be supported upon the facts stated in the report of the case, was erroneous. The verdict is therefore set aside, and a new trial is ordered at the bar of this court.